IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAMELA ROSEMOND,<br><br>        Plaintiff,<br><br>vs.<br><br>VEROS CREDIT, LLC, MVCONNECT, INC., UAR DIRECT, LLC, AND E. J. Y. ENTERPRISES D/B/A TRI STATE RECOVERY LLC<br><br>        Defendants. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**NATURE OF ACTION**

1.　Plaintiff Pamela Rosemond ("Plaintiff") brings this action against Defendants Veros Credit, LLC ("Veros"), MVConnect, Inc. ("MVC"), UAR Direct, LLC ("UAR"), and E. J. Y. Enterprises d/b/a Tri State Recovery LLC ("TSR") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Uniform Commercial Code ("UCC"), Ala. Code § 7-9A-101 *et seq.*

**JURISDICTION AND VENUE**

2.　This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4.　Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

1

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. The FDCPA is described as a strict liability statute which "typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

6. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

## THE UNIFORM COMMERCIAL CODE

7. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (S.C. 2007).

8. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

9. After a default, the UCC gives secured parties the right to repossess collateral. *See* Ala. Code § 7-9A-609(b)(2).

10. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot obtain possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

11. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (S.C. 1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind. App. 116, 94 N.E. 793 (Ind. 1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in Montgomery, Alabama.

13. Veros is a Nevada corporation that conducts business in Alabama.

14. Veros regularly purchases consumer paper in the form of automobile loans.

15. Veros is a "secured party" as defined by Ala. Code § 7-9A-102(a)(73).

16. MVC is an Illinois corporation.

17. MVC is a repossession forwarding company.

18. MVC coordinates and facilitates the repossession of vehicles.

19. MVC earns the majority of its earnings from the coordination and facilitation of repossessions.

20. MVC uses the telephone in its business.

21. MVC uses the internet in its business.

22. MVC is an entity that at all relevant times was acting as a repossession agent working at the behest CarMax.

23. At all relevant times, MVC was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

24. MVC is "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. UAR is a Tennessee limited liability company.

26. UAR is a repossession company.

27. UAR derives the majority of its earnings from the repossession of vehicles.

28. UAR uses the telephone in its business.

29. UAR uses the internet in its business.

30. UAR uses roads and highways in its business.

31. At all relevant times, UAR was acting as a repossession agent working at the behest of MVC and Veros.

32. At all relevant times, UAR was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

33. UAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34. TSR is an Alabama limited liability company.

35. TSR is a repossession company.

36. TSR derives the majority of its earnings from the repossession of vehicles.

37. TSR uses the telephone in its business.

38. TSR uses the internet in its business.

39. TSR uses roads and highways in its business.

40. At all relevant times, TSR was acting as a repossession agent working at the behest of MVC and Veros.

41. At all relevant times, TSR was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

42. TSR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

43. On or about October 24, 2023, Plaintiff purchased a 2018 Dodge Durango (the "Vehicle") from non-party Quantum Auto Sales, Inc.

44. Plaintiff financed the purchase of the Vehicle and executed a loan agreement (the "Contract") with Quantum Auto Sales, Inc.

45. Plaintiff purchased the Vehicle for her own personal, family, and household use.

46. The Vehicle constitutes "consumer goods" as defined by Ala. Code § 7-9A-102(a)(23).

47. In connection with the Contract, Plaintiff provided Quantum Auto Sales, Inc. and its assignees a security interest in the Vehicle.

48. The Vehicle constitutes "collateral" as defined by Ala. Code § 7-9A-102(a)(12).

49. Thereafter, the Contract was assigned to Veros.

50. Veros is a "secured party" as defined by Ala. Code § 7-9A-102(a)(73).

51. Thereafter, on or about July 21, 2024, Veros engaged its repossession agents, MVC, to accomplish the repossession of the Vehicle.

52. MVC in turn hired UAR to undertake the actual repossession.

53. On July 21, 2024, UAR went to Plaintiff's residence to repossess the Vehicle.

54. Plaintiff and her boyfriend, Kardell Wade, noticed UAR's activities and protested UAR's repossession.

55. UAR disregarded their protests and continued the repossession.

56. UAR then attempted to intimidate Mr. Wade into giving up the Vehicle and threatened to have him arrested if he refused.

57. Plaintiff entered the Vehicle and continued her protests.

58. UAR then called the police.

59. When officers arrived on the scene, UAR attempted to enlist them to help with the repossession.

60. Initially, the responding officers entertained UAR's overtures for assistance and attempted to intimidate Plaintiff and Mr. Wade into ceasing their protests.

61. Plaintiff and Mr. Wade continued their protests until a supervisor eventually came to the scene.

62. The supervisor ordered UAR cease the repossession and leave the scene.

63. Thereafter, on or before August 6, 2024, MVC hired TSR to repossess the Vehicle.

64. On the morning of August 6, 2024, TSR went to Plaintiffs' home to repossess the Vehicle.

65. Mr. Wade noticed TSR's arrival and entered the Vehicle.

66. TSR then collided with the Vehicle and lifted it while Mr. Wade occupied it.

67. Mr. Wade immediately protested the repossession and demanded TSR leave immediately.

68. TSR refused to cease the repossession and leave the scene.

69. In lifting the Vehicle, TSR damaged the Vehicle.

70. Thereafter, the police arrived on the scene.

71. The officers instructed TSR to lower the vehicle and leave the scene.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## UAR AND MVC

72. Plaintiff repeats and re-alleges each factual allegation contained above.

73. Alabama law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Ala. Code § 7-9A-609(b)(2).

74. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

75. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of*

*Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

76. Plaintiff and Mr. Wade confronted UAR and unequivocally protested the repossession.

77. Once Plaintiff and Mr. Wade confronted UAR and protested the repossession, UAR lost the right to continue with the repossession.

78. Nonetheless, UAR continued with the repossession and thereby breached the peace.

79. Additionally, summoning the police to assist in a repossession constitutes a constructive use of force and is a breach of the peace. *See Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970); *see also Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980).

80. By summoning the police for assistance and/or attempting to enlist them to help in the repossession, UAR breached the peace.

81. A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

82. By continuing with its repossession after it lost the right to do so, UAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

83. As the debt collector that hired UAR, MVC is liable for UAR's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that UAR violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that MVC, as the debt collector that hired UAR, is liable for UAR's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## TSR AND MVC

84. Plaintiff repeats and re-alleges each factual allegation contained above.

85. Alabama law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Ala. Code § 7-9A-609(b)(2).

86. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

87. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or

repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

88. Mr. Wade confronted TSR and unequivocally protested the repossession.

89. Once Mr. Wade confronted TSR and protested the repossession, TSR lost the right to continue with the repossession.

90. Nonetheless, TSR continued with the repossession and thereby breached the peace.

91. Additionally, summoning the police to assist in a repossession constitutes a constructive use of force and is a breach of the peace. *See Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970); *see also Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting;

11

held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980).

92. By summoning the police for assistance and/or attempting to enlist them to help in the repossession, TSR breached the peace.

93. A repossession agent's use of force is a breach of the peace. *Brees v. Courtesy Ford, Inc.*, 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Scroggins v. City of Kankakee*, 2007 WL 2681235 (C.D. Ill. Aug. 16, 2007) (repossession that led to physical confrontation and required police intervention was breach of peace*); Pease v. Havelock Nat'l Bank*, 351 F. Supp. 118 (D. Neb. 1972); *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace); *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283 (Ariz. Ct. App. 1980); *Kensinger Acceptance Corp. v. Davis*, 269 S.W.2d 792 (Ark. 1954); *Silverstin v. Kohler & Chase*, 183 P. 451 (Cal. 1919); *Besner v. Smith*, 178 A.2d 924 (D.C. 1962); *C.I.T. Corp. v. Brewer*, 200 So. 910 (Fla. 1941); *C.I.T. Corp. v. Reeves*, 150 So. 638 (Fla. 1933); *Thrasher v. First Nat'l Bank of Miami*, 288 So. 2d 288 (Fla. Dist. Ct. App. 1974); *McDowell v. Talcott*, 183 So. 2d 592 (Fla. Dist. Ct. App. 1966); *Roach v. Barclays-American/Credit Inc.*, 298 S.E.2d 304 (Ga. Ct. App. 1982); *Nicholson's Mobile Home Sales Inc. v. Schramm*, 330 N.E.2d 785 (Ind. Ct. App. 1975); *Singer Sewing Mach. Co. v. Phipps*, 94 N.E. 793 (Ind. Ct. App. 1911); *C.F. Adams Co. v. Saunders*, 66 S.W. 815 (Ky. 1902); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d 164 (La. Ct. App. 1943);

12

*Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931); *Bettis v. Singer Sewing Mach. Co.*, 10 Pelt. 273 (La. Ct. App. 1913); *Lambert v. Robinson*, 37 N.E. 753 (Mass. 1894); *Drury v. Hervey*, 126 Mass. 519 (1879); *Levi v. Brooks*, 121 Mass. 501 (1877); *Witcuke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. Ct. App. 1976) (bank liable for battery on debtor by its repossessing agent); *Kirkwood v. Hickman*, 78 So. 2d 351 (Miss. 1955); *Spangler-Bowers v. Benton*, 83 S.W.2d 170 (Mo. Ct. App. 1935); *Bordeauz v. Hartman Furniture & Carpet Co.*, 91 S.W. 1020 (Mo. Ct. App. 1905); *Peddie v. Gally*, 95 N.Y.S. 652 (N.Y. App. Div. 1905); *Regg v. Buckley-Newhall Co.*, 130 N.Y.S. 172 (N.Y. Sup. Ct. 1911); *O'Connell v. Samuel*, 30 N.Y.S. 889 (N.Y. Sup. Ct. 1894); *Lamb v. Woodry*, 58 P.2d 1257 (Or. 1936); *Reight v. Hamburger*, 81 Pa. Super. Ct. 571 (1923); *Harris Truck & Trailer Sales v. Foote*, 436 S.W.2d 460 (Tenn. Ct. App. 1968); *Godwin v. Stanley*, 331 S.W.2d 341 (Tex. Civ. App. 1959); *Gerstein v. C.F. Adams Co.*, 173 N.W. 209 (Wis. 1919).

94. More specifically, a repossession agent breaches the peace if he impacts or lifts an occupied vehicle. *See Hansen v. Santander Bank, N.A.*, No. 22-cv-3048 (SRN/TNL), 2023 U.S. Dist. LEXIS 150926, at *15 (D. Minn. Aug. 28, 2023) (collecting cases); *Nieves v. Able Auto Adjusters*, No. CV-18-8262 (AGRx), 2019 U.S. Dist. LEXIS 239628, 2019 WL 13043035, at *1 (C.D. Cal. Mar. 12, 2019) (attempting to repossess a car while an occupant is known to be in it a breach of the peace); *Sinegal v. Big Horn Auto Sales, Inc.*, CIVIL ACTION No. H-21-3102, 2022 U.S. Dist. LEXIS 46409, 2022 WL 799908, at *3 (S.D. Tex. Mar. 16, 2022) (breach of peace where the tow truck crashed into the plaintiff's vehicle and then lifted it while it was occupied by two people) *Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020) (noting that moving a vehicle while it is occupied sufficiently pleads breach of the peace); *Smith v. AFS Acceptance, LLC*, No. 11 C 5340, 2012 U.S. Dist. LEXIS

75976, at *9 (N.D. Ill. June 1, 2012) (pleading that repossession agent lifted and moved occupied vehicle stated claim for breach of the peace).

95. By colliding with and lifting the Vehicle while Mr. Wade occupied it, TSR breached the peace.

96. A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

97. By continuing with its repossession after it lost the right to do so, TSR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

98. As the debt collector that hired TSR, MVC is liable for TSR's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that TSR violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that MVC, as the debt collector that hired TSR, is liable for TSR's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF ALA. CODE § 7-9A-609(b)(2)
## VEROS

99. Plaintiff repeats and re-alleges each factual allegation contained above.

100. Alabama law provides that after a default, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Ala. Code § 7-9A-609(b)(2).

101. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

102. Veros's repossession agents UAR breached the peace by continuing its repossession despite Plaintiff and Mr. Wade's protests, and by enlisting the help of law enforcement officers in the repossession.

103. Veros's repossession agents TSR breached the peace by continuing its repossession despite Mr. Wade's protests, and by colliding with and lifting the Vehicle while Mr. Wade occupied it.

104. As the secured party that hired UAR and TSR, Veros is liable for the breach of the peace that occurred during UAR and TSR's attempted repossessions. Official Comment 3 to Ala. Code § 7-9A-609 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral.").

105. Veros violated Ala. Code § 7-9A-609(b)(2) when its repossession agents breached the peace during their attempted repossessions.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Veros violated Ala. Code § 7-9A-609(b)(2);

b) Awarding Plaintiff statutory damages, pursuant to Ala. Code § 7-9A-625;

c) Awarding Plaintiff actual damages, pursuant to Ala. Code § 7-9A-625;

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

106. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 18, 2024.                        Respectfully submitted,

                                                                s/Curtis R. Hussey
                                                                Curtis R. Hussey
                                                                (HUS004)

                Gulf Coast ADR, LLC
                139 Cox Creek Parkway #310
                Florence, AL  35630
                Telephone: (251) 928-1423
                Facsimile: (866) 317-2674
                chussey@ThompsonConsumerLaw.com
                Attorney for Plaintiff

Correspondence address:
11445 E Via Linda Ste. 2 #492
Scottsdale, AZ 85259